
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

HARPREET SINGH,

Defendant.

13-CR-570

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On December 11, 2013, Harpreet Singh pled guilty to Count One of a five-count Indictment charging him with conspiring to import methylone into the United States. *See* 21 U.S.C. §§ 952(a), 960(a)(1), 963, and 960(b)(3). Counts Two through Five were dismissed.

On September 5, 2013 an envelope arrived at the United States Postal Service facility in the John F. Kennedy Airport. United States Customs and Border Protection officers opened and inspected the contents of the envelope pursuant to a customs examination. After finding a tan, crystalized substance in the package, a field test revealed that the package contained approximately 500 grams of methylone.

Homeland Security Investigation (HSI) agents conducted a controlled delivery of the envelope to the listed address. It was delivered to Rugs USA where defendant was employed. Shortly after it was delivered, the HSI agents entered the building and found the envelope on Singh's desk. After receiving his *Miranda* warnings, Singh told the agents that co-defendant Chin Chong was the ultimate recipient of the envelope. Singh also said he had received another envelope of methylone at Rugs USA on one prior occasion. Singh expected to receive a few hundred dollars for his role in the importation operation.

Singh was sentenced on July 28, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is nineteen and defendant's criminal history is category I. The Guidelines range of imprisonment is between thirty and thirty-seven months. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3),(4) (Nov. 2013). Calculation of the total offense level included a two-point "safety valve" reduction and a three-point adjustment for

defendant's acceptance of responsibility. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 3E1.1 (Nov. 2013). Defendant's offense level was also reduced two levels under the new Department of Justice policy that credits defendants charged with drug crimes two points if they agree to forgo a motion under 18 U.S.C. § 3582(c) when the new Sentencing Guidelines drug table becomes effective in November. *See* Tr. of Sent'g, July 28, 2014, ECF No. 162.

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. §§ 952(a), 960(b)(3). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 18 U.S.C. § 3561(c)(1). The Guidelines advise against probation. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5B1.1, comment. (n.2) (Nov. 2013).

Singh was sentenced to time served and three years of supervised release. A $100 special assessment was imposed. There was no fine because of defendant's limited assets.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's 5K1.1 letter. See 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Singh conspired to import Methylone into the United States. This is a serious, but aberrant, offense. Singh has no prior convictions, and he began cooperating with the government immediately after his arrest.

Singh grew up in middle-income home in New York. He has always maintained good relationships with his mother and father. They know of his conviction and remain supportive of him.

Singh graduated from State University of New York, Farmingdale State College with a Bachelor of Science Degree in 2011. He has been employed most of the time between 2005 and 2014, including two positions in management roles. He currently is working as a merchandise manager for R & K Trading, Inc., a Verizon Wireless Premium Retailer.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that he will engage in further criminal activity. The sentence is appropriate given defendant's circumstances and the necessity of providing an incentive for criminal defendants to cooperate with the government in the future.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 18, 2014
      Brooklyn, New York